UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Deon Thomas,                          )
                                      )
        Plaintiff,                    )
                                      )
                                      )    Case: 1:14-cv-02146
        v.                            )    Assigned To : Unassigned
                                      )    Assign. Date : 12/17/2014
District of Columbia,                 )    Description: Pro Se Gen. Civil
                                      )
        Defendant.                    )
                                      )
_____   )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident suing the District of Columbia. In the one-page complaint, plaintiff alleges that in December 2013, an officer of the Metropolitan Police Department assaulted, arrested, and falsely charged him with a murder that he did not commit. Plaintiff was detained at the D.C. Detention Center for more than three months on the "bogus

1

charge." He seeks loss wages and damages for "stress[,] humuleation [sic] and suffering." Compl.

The complaint does not present a federal question, and "the District is not subject to the diversity jurisdiction of the federal courts." *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987); *see Yancey v. District of Columbia*, 991 F. Supp. 2d 171, 180 (D.D.C. 2013) ("[D]iversity [jurisdiction] cannot be established between a private party and the District of Columbia") (citations omitted). Plaintiff's recourse lies, if at all, in the District of Columbia courts. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

DATE: December 12, 2014

2